The Honorable Carolyn Pollan State Representative 400 North Eighth Street Fort Smith, AR 72901
Dear Representative Pollan:
This is in response to your request for an opinion regarding Act 360 of 1995, which is entitled "An Act to Expand the Definition of Battery In the First Degree. . . ." You state that a constituent "wants to make sure that this [act] does not refer to medical neglect as [you] had indicated it did not."
You have not defined the term "medical neglect," nor has my research disclosed any statutory definition of this term. The term does not appear in Act 360. In the absence of a definition, it is difficult to determine whether the necessary elements for "battery in the first degree" under A.C.A. § 5-13-201, as amended by Act 360 of 1995, would be present. The act amends A.C.A. § 5-13-201 to add a subsection stating that "[a] person commits battery in the first degree if . . . [h]e intentionally or knowingly without legal justification causes serious physical injury to one he knows to be twelve (12) years of age or younger." A.C.A. §5-13-201(a)(6), as added by Acts 1995, No. 360, § 1.
It thus appears that the offense of first degree battery under the act requires a more culpable mental state than negligence. It is therefore my opinion that as a general matter medical neglect is not included. The particular facts and circumstances of each case will, however, ultimately determine the applicability of § 5-13-201. Whether an offense under this Code provision has been committed will turn on the facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh